IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAXINE PHILLIPS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS INDUSTRIES, INC., THOMAS R. RANSDELL, MEL G. BREKHUS, JOHN D. BAKER II, EUGENIO CLARIOND, SAM COATS, SEAN P. FOLEY, BERNARD LANIGAN, JR., THOMAS L. RYAN, RONALD G. STEINHART, DOROTHY C. WEAVER, MARTIN MARIETTA MATERIALS, INC., and PROJECT HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:14-cv-00740-B |

## ORDER AND FINAL JUDGMENT
## EXHIBIT D

On _____, 2015, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement, dated January 22, 2015 (the "Stipulation"), which is incorporated herein by reference, and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable, and adequate for the settlement and release of claims as set forth in the Stipulation; and whether an Order and Final Judgment ("Judgment") should be entered in this case (the "Action"); and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     This Judgment incorporates by reference the definitions in the Stipulation. All capitalized terms other than proper nouns that are not defined herein shall have the meanings set forth in the Stipulation.

2.     The mailing of the Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing (the "Notice") pursuant to and in the manner prescribed in the Order Preliminarily Approving Settlement and Providing for Notice entered on January __, 2015 (the "Preliminary Order"), which was mailed by United States mail, postage prepaid, beginning on January __, 2015, is hereby determined to be the best notice practicable under the circumstances and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and applicable law. Proof of the mailing of the notice was filed with the Court and a full opportunity to be heard has been offered to the Class. It is further determined that all members of the Class are bound by the Judgment herein.

3.     Defendants have filed a Declaration of Compliance with the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1715. Defendants timely mailed notice of the settlement agreement to the Attorney General of the United States of America and the attorneys general of all 50 states and the District of Columbia pursuant to 28 U.S.C. § 1715(b). The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

4.     The Court finds that the Action is a proper non-opt-out class action pursuant to Rules 23(a), 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure and hereby certifies, for purposes of the Settlement only, the Class consisting of:

> Any and all persons or entities who held shares of TXI common stock, either of record or beneficially, at any time between March 25, 2013 and July 1, 2014, the date of the consummation of the acquisition transaction with Martin Marietta, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, other than the Defendants, their subsidiary companies, affiliates, assigns, and members of their immediate families, as the case may be.

5. Plaintiff Maxine Phillips ("Plaintiff") is appointed as the class representative, and Faruqi & Faruqi, LLP ("Counsel") is appointed as counsel for the Class.

6. The Court finds, for the purposes of the Settlement only, that each of the requirements of Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied for the reasons set forth below:

   a. The members of the Class are so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Class, which predominate over any questions affecting only individual members;

   c. The claims or defenses of the class representatives are typical of the claims or defenses of the Class, and the class representatives will fairly and adequately protect the interest of the Class;

   d. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants;

   e. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not

parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

  f. Defendants are alleged to have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

7. The Settlement of the Action as provided for in the Stipulation is approved as fair, reasonable, adequate, and in the best interests of Plaintiff and the Class.

8. The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Judgment.

9. The Action and the Released Claims (as defined below) are hereby dismissed on the merits and with prejudice, and without costs.

10. As of the Final Settlement Date, Plaintiff, all other Class Members, and the Company, on behalf of themselves and all other Releasors, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, settled, and discharged any and all manner of claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, amounts, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including Unknown Claims that have been, could have been, or in the future can or might be asserted in any court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law), by or on behalf of any Releasor, whether individual, direct, class, de-

rivative, representative, legal, equitable, or any other type or in any other capacity against any Releasee which have arisen, could have arisen, arise now, or hereafter may arise out of or relate in any manner to the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing, or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the Action, the Transaction, the negotiation or consideration of the Transaction or any agreements or disclosures relating thereto, the Merger Agreement, or any preliminary or definitive joint proxy statement filed or distributed to stockholders in connection with the Transaction including without limitation any disclosures, non-disclosures or public statements made in connection with any of the foregoing (the "Released Claims") against each and every one of the Releasees; provided, however, that the Released Claims shall not include any claims to enforce the Settlement.

11.     "Releasees" includes without limitation each and every one of, and "Releasees" mean all of, Defendants (or any Defendant), or any of their respective families, parent entities, controlling persons, associates, predecessors, successors, affiliates, or subsidiaries, and each and all of their respective past or present officers, directors, executives, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, auditors, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, managers, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns.

12.     "Releasor" means each and every one of, and "Releasors" means all of, (i) Plaintiff and all other Class Members, (ii) Plaintiff's and all other Class Members' parents, predecessors, successors, current and former Affiliates, divisions, business units, joint ventures

(regardless of percentage of interest), subsidiaries and assigns, and all other entities in which any of them has or had a Controlling Interest or that has or had a Controlling Interest in any of them, (iii) past and present officers, directors, employees, officials, members, partners, principals, agents, representatives, attorneys (including any and all in-house and outside counsel, including, without limitation, Plaintiff's Counsel), advisors, administrators, auditors (including any and all internal and external auditors), accountants, consultants, service providers, successors-in-interest and insurance carriers or any or all of the foregoing, and (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of any other Releasor or the Company; provided that respecting any Releasor who is a person, "Releasor" shall also mean each and all of such Releasor's respective estates, heirs, executors, beneficiaries, trusts, trustees and assigns.

13. "Unknown Claim" means any claim that a Releasor does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Releasees, including without limitation those which, if known, might have affected the decision to enter into the Settlement and any claim that a Releasor does not know or suspect exists in his, her, or its favor at the time of the release of the Defendants' Released Claims as against the Releasors, including without limitation those which, if known, might have affected the decision to enter into the Settlement. This shall include a waiver of any rights pursuant to § 1542 of the California Civil Code (or any similar, comparable or equivalent provision) which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasors acknowledge that members of the Class and/or other TXI stockholders may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiff and on behalf of the Class, to fully, finally, and forever settle and release any and all claims released hereby known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.  Plaintiff and the other undersigned parties acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for, constitutes separate consideration for, and was a key element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

14.     Plaintiff, all Class members, and all other Releasors, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from commencing, instigating, instituting, maintaining, prosecuting, asserting, or participating in any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, whether individual, class, derivative, representative, legal, equitable, or in any other capacity, any of the Released Claims against any of the Releasees.

15.     As of the Final Settlement Date, Defendants, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, settled, and discharged Plaintiff and Plaintiff's Counsel from any and all claims, penalties, allegations or sanctions (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the

Released Claims; provided, however, that Defendants shall retain the right to enforce this Judgment, the terms of the Stipulation, or the Settlement.

16. None of the Settlement, the Memorandum of Understanding executed by Plaintiff and Defendants on June 10, 2014 (the "MOU"), or the Stipulation shall be deemed a presumption, concession, or admission by any of the parties as to the merits, or lack thereof, of any allegations, claims, or defenses that have been or might be alleged or asserted in the Action or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein; provided, however, that the Stipulation and/or Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment.

17. Counsel is hereby awarded attorneys' fees and expenses in the amount of $360,000 in connection with the Action, which amount the Court finds to be fair, reasonable, and adequate. Such attorneys' fees and expenses shall be paid by TXI (or its successor(s) and/or insurer(s)) pursuant to the relevant provisions of the Stipulation. No counsel representing any plaintiff or member of the Class in the Action shall make any further or additional application for fees and/or expenses to the Court or any other court.

18. If the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Parties shall be returned, without prejudice in any way,

to their respective litigation positions immediately prior to the execution of the MOU on June 10, 2014.

19. The binding effect of this Judgment and the obligations of Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

20. Without affecting the finality of this Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

SO ORDERED this _____ day of _____, 2015.

_____
The Honorable Jane J. Boyle
United States District Judge