IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAXINE PHILLIPS, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>TEXAS INDUSTRIES, INC., THOMAS R. RANSDELL, MEL G. BREKHUS, JOHN D. BAKER II, EUGENIO CLARIOND, SAM COATS, SEAN P. FOLEY, BERNARD LANIGAN, JR., THOMAS L. RYAN, RONALD G. STEINHART, DOROTHY C. WEAVER, MARTIN MARIETTA MATERIALS, INC., and PROJECT HOLDINGS, INC.<br><br>   Defendants. | Case No. 3:14-cv-00740-B |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
## EXHIBIT B

WHEREAS, The Settling Parties[1] have applied for an order seeking preliminary approval of a settlement of the above-captioned action, preliminary certification of a settlement class, approval of the form and manner of Notice to be provided to the Class (as defined herein), and a determination of other matters in connection with the Court's consideration of the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation of Settlement entered into by the Settling Parties, dated January 22, 2015 (the "Stipulation");

---

[1] Capitalized terms (other than proper nouns) that are not defined herein shall have the same meanings set forth in the Stipulation of Settlement.

NOW, upon consent of the Settling Parties, after review and consideration of the Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to Rules 23(a), 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court preliminarily certifies this case (the "Action") as a non-opt-out class action for purposes of settlement only, on behalf of a Class consisting of Plaintiff and any and all persons or entities who held shares(s) of Texas Industries, Inc. ("TXI"), either of record or beneficially, at any time between March 25, 2013 and July 1, 2014, the date of consummation of the acquisition transaction with Martin Marietta Materials, Inc. and Project Holdings, Inc. ("Martin Marietta"), including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, other than the Defendants, their subsidiary companies, affiliates, assigns, and members of Defendants' immediate families, as the case may be.

2. Plaintiff Maxine Phillips ("Plaintiff") is provisionally appointed as class representative, and Faruqi & Faruqi, LLP is provisionally appointed as counsel for the Class.

3. The Court preliminarily finds that the requirements of Rule 23(a) and Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure have been met for settlement purposes:

>  a. The members of the Class are so numerous that joinder of all members is impracticable;
>
>  b. There are questions of law or fact common to the Class, which predominate over any questions affecting only individual members;

      c.      The claims or defenses of the class representatives are typical of the claims or defenses of the Class, and the class representatives will fairly and adequately protect the interest of the Class;

      d.      The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants;

      e.      Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

      f.      Defendants are alleged to have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

4. The Court preliminarily approves the Stipulation, including all Exhibits thereto, and the Settlement set forth therein, and preliminarily finds that the Settlement is sufficiently fair, reasonable, adequate, and in the best interest of the Class to warrant notice to the Class and the scheduling of a fairness hearing, at which time the Court will hear any objections (subject to the procedures described below) and consider whether to give final approval to the Settlement.

5. A hearing (the "Settlement Hearing") shall be held on _____, 2015, at ___:_____ am/pm before the Honorable Jane J. Boyle of the United States District Court for the Northern District of Texas, Dallas Division, 1100 Commerce St., Room 1520, Dallas, TX, 75242, to:

  a. Determine whether, for settlement purposes only, the Court's preliminary certification of the Class pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure should be made final;

  b. Determine whether Plaintiff may be designated as class representative and Counsel may be designated as counsel to the Class;

  c. Determine whether the Court should grant final approval of the proposed Settlement on the terms and conditions provided for in the Stipulation as fair, reasonable, and adequate and in the best interest of the members of the Class;

  d. Determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Actions and the Released Claims as to the Releasees with prejudice as against Plaintiff and the Class, releasing the Released Claims, and barring and enjoining prosecution of any and all Released Claims;

  e. Consider Counsel's application for an award of attorneys' fees and expenses to be paid (if and only if awarded by the Court);

  f. Hear objections, if any, made to the Settlement or any of its terms; and

  g. Hear and determine other matters relating to the proposed Settlement.

6. The Court may adjourn the Settlement Hearing or any part thereof, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

7. The Court may approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice to the Class.

8. The Court approves, in form and content, the Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing, substantially in the form attached as Exhibit C to the Stipulation (the "Notice"), and finds that the mailing of the Notice, as set forth in paragraph 9 below, will fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and applicable law, is the best notice practicable, and shall constitute due and sufficient notice of the Settlement and Settlement Hearing and all other matters referred to in the Notice to all persons entitled to receive such Notice. At least ten (10) calendar days prior to the Settlement Hearing, Defendants' counsel shall file with the Court an appropriate affidavit or declaration with respect to the preparation and mailing of the Notice to the Class.

9. Within twenty (20) business days following entry of this Order, TXI or its successor(s)-in-interest shall, at its expense, cause a copy of the Notice, substantially in the form attached as Exhibit C to the Stipulation, to be mailed by United States mail, postage prepaid, to all record holders of common shares of TXI at any time between March 25, 2013 and July 1, 2014, at their last known addresses appearing in the shareholder transfer records maintained by or on behalf of TXI. All record holders in the Class who were not also the beneficial owners of common shares of TXI are directed to forward the Notice to the beneficial owners of those shares or to provide the notice administrator selected by TXI (the "Notice Administrator") with a list of the names and addresses of beneficial owners of such shares within ten (10) business days after the receipt of the Notice. TXI, through the Notice Administrator, shall use reasonable efforts to give notice to such beneficial owners of shares by (a) making additional copies of the Notice

Case 3:14-cv-00740-B   Document 11-3   Filed 01/22/15   Page 6 of 9   PageID 307

6

available to any record holders who, prior to the Settlement Hearing, request the same for the purpose of distribution to such beneficial owners of shares, and/or (b) mailing copies of the Notice to beneficial owners of shares whose addresses have been provided to the Notice Administrator by the record holders of such shares.

10. Any member of the Class who objects to the proposed Settlement may appear at the Settlement Hearing in person or through counsel to show cause why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Class, or otherwise request to be heard concerning the Settlement. However, no person or entity (other than the Settling Parties and their counsel) may be heard at the Settlement Hearing, and no papers, briefs, pleadings, or other documents submitted by any person or entity shall be considered by the Court unless, not later than ten (10) business days prior to the Settlement Hearing, such person or entity files with the Court and serves upon each of the counsel listed below: (a) a written notice of the intention to appear; (b) proof of membership in the Class by way of brokerage statement, account statement, or other document evidencing ownership of TXI shares; (c) a detailed summary of his, her, or its objections to any matter before the Court; (d) the grounds therefor or the reasons why he, she, or it desire to appear and be heard; and (e) all documents and writings which he, she, or it wants the Court to consider. No later than ten (10) business days prior to the Settlement Hearing, the above-described papers must be (a) served by hand delivery or overnight mail on the following counsel of record:

Juan E. Monteverde  
FARUQI & FARUQI, LLP  
369 Lexington Ave., 10th Floor  
New York, NY  10017  
(212) 983-9330

Rachelle Silverberg
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
(212) 403-1000

Sandra C. Goldstein
CRAVATH, SWAINE & MOORE, LLP
825 8th Avenue
New York, NY  10019
(212) 474-1000

and (b) filed with the Court in this Action.  Any member of the Class who fails to make his, her, or its objection(s) in the manner provided herein shall be deemed to have waived such objection(s) (including any right of appeal) and shall be forever barred from making any such objection(s), including, without limitation, any objection to the fairness or adequacy of the proposed Settlement, unless otherwise ordered by the Court.  Members of the Class who do not object need not appear at the Settlement Hearing or take any other action to indicate their approval.

11. Plaintiffs' Counsel's opening briefing in support of approval of the Settlement and their attorneys' fees, costs, and expenses shall be served and filed on or before twenty-one (21) calendar days before the Settlement Hearing and any reply brief shall be served and filed on or before five (5) calendar days before the Settlement Hearing.

12. All proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  All members of the Class are preliminarily enjoined from commencing, instigating, instituting, maintaining, prosecuting, asserting, or participating in any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, whether individual, class, derivative, representative, legal, equitable, or in any other capacity, asserting or relating to any of the Released Claims.

13. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or the Final Settlement Date fails to occur for any reason whatsoever, the Stipulation (including any modification thereof), the Class certification herein, and any actions taken or to be taken in connection therewith (including this Preliminary Order and any judgment entered herein) shall be terminated and shall become null and void and of no further force and effect except for TXI's obligation to pay for expenses incurred in connection with the Notice and administration thereof provided for by this Preliminary Order, and neither the MOU, the Stipulation, nor any provision contained therein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission or offered or received as evidence at any proceeding in this or any other action or proceeding.

14. In any event, none of the MOU, the Stipulation, nor any provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Settling Parties, members of the Class, or any other person or entity of any liability or absence of liability as to any claim alleged or asserted in the Action or otherwise, and shall not be offered or received in evidence in any action or proceeding (except in an action or proceeding to enforce the terms and conditions of the Stipulation), or be used in any way as an admission, concession, or evidence of the existence or absence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiff, Counsel, or the members of the Class, or any present or former shareholder of TXI, or any other person or entity, has or has not suffered any damage.

15.     If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered in the form attached as Exhibit D to the Stipulation.

16.     The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the proposed Settlement.

SO ORDERED this ___ day of _____, 2015.

_____
The Honorable Jane J. Boyle
United States District Judge