IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAXINE PHILLIPS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS INDUSTRIES, INC., THOMAS R. RANSDELL, MEL G. BREKHUS, JOHN D. BAKER II, EUGENIO CLARIOND, SAM COATS, SEAN P. FOLEY, BERNARD LANIGAN, JR., THOMAS L. RYAN, RONALD G. STEINHART, DOROTHY C. WEAVER, MARTIN MARIETTA MATERIALS, INC., and PROJECT HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:14-cv-00740-B |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT OF CLASS ACTION, AND SETTLEMENT HEARING**
**EXHIBIT C**

TO:   ALL PERSONS OR ENTITIES WHO HELD SHARES OF TXI COMMON STOCK, EITHER OF RECORD OR BENEFICIALLY, AT ANY TIME BETWEEN MARCH 25, 2013 AND JULY 1, 2014, THE DATE OF THE CONSUMMATION OF THE ACQUISITION TRANSACTION WITH MARTIN MARIETTA MATERIALS, INC. AND PROJECT HOLDINGS, INC. ("MARTIN MARIETTA"), INCLUDING ANY AND ALL OF THEIR RESPECTIVE SUCCESSORS IN INTEREST, PREDECESSORS, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS, ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER ANY OF THEM, OTHER THAN THE DEFENDANTS, THEIR SUBSIDIARY COMPANIES, AFFILIATES, ASSIGNS, AND MEMBERS OF THEIR IMMEDIATE FAMILIES, AS THE CASE MAY BE.

THIS NOTICE WAS SENT TO YOU BY ORDER OF THE COURT.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  THIS NOTICE RELATES TO A

PROPOSED SETTLEMENT OF A LAWSUIT AND, IF YOU ARE A CLASS MEMBER (DEFINED BELOW), CONTAINS IMPORTANT INFORMATION.  YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS LITIGATION.

IF YOU ARE A NOMINEE WHO HELD TXI SHARES FOR THE BENEFIT OF ANOTHER, READ SECTION XI BELOW ENTITLED "PERSONS OR ENTITIES HOLDING RECORD OWNERSHIP ON BEHALF OF OTHERS."

THIS NOTICE IS NOT A LAWSUIT AGAINST YOU.  YOU ARE NOT BEING SUED.  YOU HAVE RECEIVED THIS NOTICE BECAUSE YOU MAY BE A MEMBER OF THE CLASS DESCRIBED IN THIS NOTICE.

## I.    PURPOSE OF THIS NOTICE

The purpose of this Notice is to inform you of the proposed settlement of the above-captioned class action litigation (the "Settlement") pending in the United States District Court for the Northern District of Texas (the "Court"). This Notice also informs you of the Court's preliminary certification of a Class (as defined below) for purposes of the Settlement and of your right to participate in a hearing to be held on _____, 2015, at ___:_____ __.m. at 1100 Commerce St., Room 1520, Dallas, TX, 75242 (the "Settlement Hearing") to determine the matters enumerated in Section VII below.

The Court has provisionally certified a non-opt-out class action for purposes of the settlement only under Rules 23(a), 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure including Plaintiffs and any and all persons or entities who held shares of TXI common stock, either of record or beneficially, at any time between March 25, 2013 and July 1, 2014, the date of the consummation of the acquisition transaction with Martin Marietta (the "Transaction"), including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, but excluding Defendants Texas Industries, Inc. ("TXI"), Thomas R. Ransdell, Mel G. Brekhus, John D. Baker II, Eugenio Clariond, Sam Coats, Sean P. Foley, Bernard Lanigan, Jr., Thomas L. Ryan, Ronald G. Steinhart, Dorothy C. Weaver (the "Director Defendants"), Martin Marietta Materials, Inc., and Project Holdings, Inc. (together with TXI and the Director Defendants, "Defendants"), and Defendants' subsidiary companies, affiliates, assigns, and members of their immediate families, as the case may be (the "Class"). At the Settlement Hearing, the Court will consider, among other things, whether the Class should be finally certified pursuant to Rules 23(a), 23(b)(1) and Rule (b)(2) of the Federal Rules of Civil Procedure.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES. IT IS BASED ON STATEMENTS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THE LAWSUIT AND OF THE FINAL SETTLEMENT HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO TAKE IN RELATION TO THE LAWSUIT.**

## II.    BACKGROUND OF THE LAWSUIT

On January 28, 2014, TXI and Martin Marietta announced that their respective boards of directors had unanimously approved an agreement and plan of merger pursuant to which Martin Marietta would acquire TXI by way of a merger in which holders of TXI common stock would receive 0.700 Martin Marietta shares for each share of TXI common stock.

On February 25, 2014, the above-captioned action (the "Action") was filed by Plaintiff Maxine Phillips ("Plaintiff"), alleging that the Director Defendants breached their fiduciary duties to TXI's stockholders in connection with the Transaction and that TXI and Martin Marietta

aided and abetted those breaches, and seeking, among other things, an order enjoining the Transaction.

On March 3, 2014, Martin Marietta filed a Form S-4 registration statement containing a preliminary joint proxy statement/prospectus with the Securities & Exchange Commission ("SEC").

On March 18, 2014, the Plaintiff filed an amended complaint, which added additional claims alleging material omissions in the preliminary proxy statement/prospectus.

On April 19, 2014, the Plaintiff sought expedited discovery from Defendants, and following discussions, the Defendants ultimately agreed to provide certain expedited discovery to the Plaintiff.

On May 1, 2014, Martin Marietta filed an amended Form S-4 registration statement containing a preliminary joint proxy statement/prospectus with the SEC containing certain additional disclosures.

On May 21, 2014, Martin Marietta filed a second amended Form S-4 registration statement containing a preliminary joint proxy statement/prospectus with the SEC containing, among other things, certain additional disclosures.

On May 30, 2014, Martin Marietta and TXI filed a definitive joint proxy statement in connection with the Merger on Form 424B3 and Schedule 14A, respectively, with the Securities and Exchange Commission containing, among other things, certain additional disclosures sought by Plaintiff.

Defendants and Plaintiff thereafter engaged in arm's-length discussions and negotiations regarding a potential resolution of the claims asserted in the Action.  In connection with such discussions and negotiations, Plaintiff proposed to Defendants various additional disclosures and potential amendments to the merger agreement that Plaintiff believed should have been made originally in connection with the proposed transaction.  Following arm's-length negotiations, on June 10, 2014, the Parties reached an agreement in principle, the substantive terms of which were memorialized in a memorandum of understanding, providing for settlement of the Action, subject to confirmatory discovery that has now been completed.  Defendants agreed, in order to settle the Action, to provide supplemental disclosures filed by TXI and Martin Marietta on Form 8-K with the SEC on June 11, 2014 (the "Supplemental Disclosures").

At special meetings of each of the stockholders of TXI and Martin Marietta to vote on the Transaction and approve the merger agreement on June 30, 2014 a requisite number of TXI and Martin Marietta stockholders voted to approve the Transaction and the merger agreement.

After completing confirmatory discovery, including the review of additional paper discovery regarding the proposed transaction as well as an interview of the Chairman of the Board, Defendant Thomas R. Ransdell, in the presence of counsel for Defendants, Plaintiff confirmed her agreement for settlement of the Action.

### III.  REASONS FOR THE SETTLEMENT

Plaintiff, through her counsel ("Counsel"), has undertaken and completed an investigation of the claims and allegations asserted in the Action, including reviewing both internal documents provided by TXI as well as public documents relating to TXI and the Merger.  Based upon the investigation, Plaintiff and her counsel believe the Settlement is fair, reasonable, adequate, and in the best interest of the Class.

In evaluating the Settlement, Plaintiff and Counsel have considered: (a) the substantial benefits to the members of the Class from the Settlement, including the disclosure of additional information to TXI shareholders concerning the Merger; (b) the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and through appeals; (c) the uncertain outcome of any litigation, especially in complex cases such as the Action; (d) the difficulties and delays inherent in such litigation; (e) the inherent problems of proof and possible defenses to the claims asserted in the Action; and (f) the conclusion of Counsel that the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interest of the Class.

Defendants have denied vigorously, and continue to deny vigorously, any wrongdoing or liability with respect to all claims asserted in the Action, including allegations that they have committed any violations of law, that they have breached any fiduciary duty, that they have acted improperly in any way, that they have any liability or owe any damages of any kind to Plaintiff and/or the Class, and that any additional disclosures were required under any applicable rule, regulation, statute, or law.  Instead, Defendants have stated that they executed the Stipulation of Settlement, dated January __, 2015 (the "Stipulation") and agreed to the Settlement solely because they consider it desirable to: (a) eliminate the burden, inconvenience, expense, and distraction of further litigation; and (b) put to rest all the claims which were or could have been asserted against Defendants in the Action.

### IV.  SETTLEMENT TERMS

The terms of the Settlement are fully described in the Stipulation, on file with the Court, which is available for your inspection as discussed below under the heading "Scope of Notice." Capitalized terms used herein and not otherwise defined are deemed to have the same meaning as set forth in the Stipulation.  The Settlement is subject to and becomes effective only upon approval by the Court.  This Notice only includes a summary of various terms of the Settlement, and does not purport to be a comprehensive description of its terms, which are available for review as described below.

In summary, in consideration for the full settlement and release of all Released Claims (as defined below), Defendants made the Supplemental Disclosures regarding the Merger in a Form 8-K filed with the SEC on June 11, 2014.  The Supplemental Disclosures can be found on the SEC's website at the following URL:

http://www.sec.gov/Archives/edgar/data/97472/000089882214000290/texas8k.htm

The Supplemental Disclosures were agreed to and provided in consideration of the full and final settlement and dismissal with prejudice of the Action and the release of any and all Released Claims (as defined below), and no Releasees (as defined below) shall have any obligation to pay or bear any additional amounts, expenses, costs, damages, or fees to or for the benefit of Plaintiff or any Class members in connection with the Settlement, including, but not limited to, attorneys' fees and expenses for any counsel to any Class member, or any costs of notice or settlement administration or otherwise; provided, however, that (i) all costs in providing this Notice to the Class members shall be paid by, or caused to be paid by, TXI (or its successor(s) and/or its insurer(s)); and (b) TXI (or its successor(s) and/or its insurer(s)) shall be obligated to pay attorneys' fees and expenses to Counsel upon an award, if any, of attorneys' fees and expenses by the Court. If the Court approves the Settlement, then, as of the Final Settlement Date (as defined herein), the settlement of the Action will release and discharge all Released Claims against all Releasees and the Settlement will bind all members of the Class because the Class is a non-opt-out class.

## V.   THE SETTLEMENT HEARING

The Court has scheduled a hearing (the "Settlement Hearing") to be held on _____, 2015, at ___:_____ am/pm before the Honorable Jane J. Boyle of the United States District Court for the Northern District of Texas, Dallas Division, 1100 Commerce St., Room 1520, Dallas, TX, 75242, to:

(a) determine whether, for settlement purposes only, the Court's preliminary certification of the non-opt-out Class pursuant to Rules 23(a), 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure should be made final; (b) determine whether Plaintiff may be designated as class representative and Counsel may be designated as counsel to the Class; (c) determine whether the Court should grant final approval of the proposed Settlement on the terms and conditions provided for in the Stipulation as fair, reasonable, and adequate and in the best interest of the members of the Class; (d) determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action and the Released Claims as to the Releasees with prejudice as against Plaintiff and the Class, releasing the Released Claims, and barring and enjoining prosecution of any and all Released Claims; (e) consider the application of Counsel for an award of attorneys' fees and expenses to be paid (if and only if awarded by the Court) by TXI (or its successor(s) and/or insurer(s)); (f) hear objections, if any, made to the Settlement or any of its terms; and (g) hear and determine other matters relating to the proposed Settlement.

## VI.   RIGHT TO APPEAR AT SETTLEMENT HEARING

Any member of the Class who objects to the Stipulation, the Settlement, the class action determination, the Judgment to be entered therein, and/or the application for attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person, or through counsel, at the Settlement Hearing and present any evidence or argument that may be proper and relevant. To do so, you must, no later than ten (10) business days prior to the Settlement Hearing, serve the following documents on each of the attorneys listed below: (a) a written notice of the intention to appear; (b) proof of membership in the Class by way of brokerage statement, account statement, or other document evidencing ownership of TXI shares during the Class period; (c) a detailed summary of your objections to any matter before the Court; (d) the grounds therefore or the rea-

sons why you desire to appear and to be heard; and (e) all documents and writing which you want the Court to consider. These papers must be served by hand deliver or overnight mail on the following counsel of record no later than ten (10) business days prior to the Settlement Hearing:

| | |
|---|---|
| Juan E. Monteverde | Rachelle Silverberg |
| FARUQI & FARUQI, LLP | WACHTELL, LIPTON, ROSEN & KATZ |
| 369 Lexington Ave., 10th Floor | 51 West 52nd Street |
| New York, NY  10017 | New York, NY  10019 |
| (212) 983-9330 | (212) 403-1000 |

Sandra C. Goldstein
CRAVATH, SWAINE & MOORE, LLP
825 8th Avenue
New York, NY  10019
(212) 474-1000

You must also contemporaneously file a copy of the above-described papers in this case no later than ten (10) business days prior to the Settlement Hearing with the Clerk of Court for the United States District Court for the Northern District of Texas, Dallas Division, 1100 Commerce St., Dallas, TX, 75242.  Even if you do not appear at the Settlement Hearing, the Court will consider your written submission if it is served and filed in accordance with the foregoing procedures. Any person who fails to object in the manner prescribed above shall be deemed to have waived such objection and shall forever be barred from raising such objection in the Actions or any other action or proceeding (including any appeal).  Members of the Class who do not object need not appear at the Settlement Hearing or take any other action to indicate their approval.  Whether or not any person objects to the Settlement, if the Court approves the Settlement, the Settlement will bind all members of the Class, because the Class is a non-opt-out class.

### VII.   THE ORDER AND FINAL JUDGMENT OF THE COURT

If the Settlement is approved by the Court, the parties will promptly request the Court to enter a Judgment, which will, among other things:

(a)   approve the Settlement as fair, reasonable, adequate, and in the best interest of the Class and direct consummation of the Settlement in accordance with its terms and conditions;

(b)   make final the Court's previous determination to provisionally certify the Class as a non-opt-out class pursuant to Rules 23(a), 23(b)(1) and Rule 23((b)(2) of the Federal Rules of Civil Procedure for purposes of the Settlement;

(c)   determine that the requirements of the rules of the Court and due process have been satisfied in connection with this Notice;

  (d)  dismiss the Action and the Released Claims with prejudice on the merits and grant the releases more fully described below in accordance with the terms and conditions of the Stipulation;

  (e)  permanently bar and enjoin Plaintiff and all Class members from instituting, commencing, or prosecuting, either directly or indirectly or in any other capacity, any of the Released Claims against any of the Releasees; and

  (f)  award attorneys' fees and expenses, if any, to Counsel.

## VIII. <u>RELEASES</u>

The Stipulation provides that, upon the Court's approval of the Settlement and on the date the Judgment becomes final and non-appealable (the "Final Settlement Date"):

  (a)  Plaintiff and all other Class Members, and the Company, on behalf of themselves and all other Releasors (as defined below), shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, settled, and discharged against each and every one of the Defendants (or any Defendant), or any of their respective families, parent entities, controlling persons, associates, predecessors, successors, affiliates, or subsidiaries, and each and all of their respective past or present officers, directors, executives, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, auditors, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, managers, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns (all, collectively, the "Releasees") from any and all manner of claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, amounts, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including Unknown Claims (as defined below) that have been, could have been, or in the future can or might be asserted in any court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law), by or on behalf of any Releasor, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity against any Releasee which have arisen, could have arisen, arise now, or hereafter may arise out of or relate in any manner to the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing, or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the Action, the Transaction, the negotiation or consideration of the Transaction or any agreements or disclosures relating thereto, the merger agreement, or any preliminary or definitive joint proxy statement filed or distributed to stockholders in connection with the Transaction including without limitation any disclosures, non-disclosures or public statements made in connection with any of the foregoing (the "Released Claims"); provided, however, that the Released Claims shall not include the right of any Class member or any of the Defendants to enforce the terms of the Settlement.

"Releasors" means (i) Plaintiff and all other Class Members, (ii) Plaintiff's and all other Class Members' parents, predecessors, successors, current and former Affiliates, divisions, business units, joint ventures (regardless of percentage of interest), subsidiaries and assigns, and all other entities in which any of them has or had a Controlling Interest or that has or had a Controlling Interest in any of them, (iii) past and present officers, directors, employees, officials, members, partners, principals, agents, representatives, attorneys (including any and all in-house and outside counsel, including, without limitation, Plaintiff's Counsel), advisors, administrators, auditors (including any and all internal and external auditors), accountants, consultants, service providers, successors-in-interest and insurance carriers or any or all of the foregoing, and (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of any other Releasor or the Company; provided that respecting any Releasor who is a person, "Releasor" shall also mean each and all of such Releasor's respective estates, heirs, executors, beneficiaries, trusts, trustees and assigns.

"Unknown Claims" means any claim that a Releasor does not know or suspect exists in his, her, or its favor at the time of the release of the Released Company/Class Claims as against the Releasees, including without limitation those which, if known, might have affected the decision to enter into the Settlement and any claim that a Releasor does not know or suspect exists in his, her, or its favor at the time of the release of the Defendants' Released Claims (as defined below) as against the Releasors, including without limitation those which, if known, might have affected the decision to enter into the Settlement. This shall include a waiver of any rights pursuant to § 1542 of the California Civil Code (or any similar, comparable or equivalent provision) which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasors acknowledge that members of the Class and/or other TXI stockholders may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiff and on behalf of the Class, to fully, finally, and forever settle and release any and all claims released hereby known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Plaintiff and the other undersigned parties acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for, constitutes separate consideration for, and was a key element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

(b)     Defendants shall have fully, finally, and forever released, relinquished, settled, and discharged Plaintiff and Plaintiff's counsel from all claims arising out of the institution, prosecution, settlement, or resolution of the Action ("Defendants' Released Claims"); provided,

however, that Defendants shall retain the right to enforce the terms of the Stipulation or the Settlement.

## IX. INTERIM INJUNCTION AND STAY OF PROCEEDINGS

Pursuant to the Order Preliminarily Approving Settlement and Providing for Notice, pending final determination of whether the Settlement should be approved, Plaintiff and all members of the Class, and any of them, are barred and enjoined from commencing, instigating, instituting, maintaining, prosecuting, asserting, or participating in any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, whether individual, class, derivative, representative, legal, equitable, or in any other capacity, asserting any of the Released Claims against any of the Releasees. In addition, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, have been stayed and suspended until further order of the Court.

## X. APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

To date, Counsel have not received any payment for their services in prosecuting the Action, nor have Counsel been paid for their expenses. The fee requested by Counsel would compensate Counsel for their efforts in achieving the benefits described herein, for their risk in undertaking this representation on a contingent basis, and would provide payment for the expenses incurred in connection with the prosecution of the Action. TXI acknowledges that, as a direct result of the filing and prosecution of the Action and in consideration of the resolution of the Action, TXI made the Supplemental Disclosures contained in the Form 8-K filed with the SEC on June 11, 2014.

TXI and Counsel have negotiated the amount of attorneys' fees and expenses that, subject to approval by the Court, would be paid to Counsel. As a result of those negotiations, TXI and Plaintiff have agreed that, at or before the Settlement Hearing, Counsel will apply to the Court for an award of attorneys' fees and expenses (including costs and disbursements) in a total amount not to exceed $360,000, and Defendants have agreed not to oppose any such application that does not exceed that amount. TXI (or its successor(s) and/or its insurer(s)), on behalf of Defendants, has agreed to pay, or cause to be paid, the amount ordered by the Court, not to exceed $360,000. Except for the amount ordered by the Court, and for costs incurred in providing this Notice to the Class, there shall be no obligation on the part of any Defendant, or any person or entity, to pay any amounts, fees, costs, or expenses, including attorneys' fees, to Counsel, to Plaintiff, or to any member of the Class.

Counsel shall be responsible for allocating any award of attorneys' fees or expenses amongst Counsel in a manner that they, in good faith, believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

Final resolution by the Court of the fee application is not a precondition to the Settlement or the dismissal of the Action in accordance with the Settlement and the Stipulation, and the fee application may be considered separately from the Settlement. Neither any failure of the Court or any other court (including any appellate court) to approve the fee application in whole or in part, nor any other reduction, modification, or reversal of any amount awarded to Class counsel

by the Court shall have any impact on the effectiveness of the Settlement, provide any of the Parties with the right to terminate the Settlement or the Stipulation, or affect or delay the binding effect or finality of the Order and Final Judgment or the release of the Released Claims.

## XI. TERMINATION

The Stipulation may be terminated by the Parties if (i) the Court, or any appellate court, rejects, modifies, or denies approval of any material portion of the Stipulation or the proposed Settlement, including, without limitation, the Complete Bar Order, the findings of the Court, the provisions relating to Notice, and/or the terms of the Releases or (ii) the Court, or any appellate court, does not enter or completely affirm, or alters, or expands, any material portion of the Preliminary Approval Order or the Order Approving Settlement and Judgment, including the Complete Bar Order and/or the Releases, or (iii) any Claim related to the subject matter of the Action, the Transaction, or the Released Claims is commenced or prosecuted against any of the Releasees in any court prior to final approval of the Settlement, and (following a motion by any Defendant) any such claim is not dismissed with prejudice.  In the event that the Settlement is terminated, the Stipulation shall be null and void and of no force and effect.

## XII. PERSONS OR ENTITIES HOLDING OWNERSHIP ON BEHALF OF OTHERS

Brokerage firms, banks, and other persons or entities who are members of the Class in their capacities as record holders, but not as beneficial holders, must, within ten (10) business days of receipt of this Notice, either (a) provide to the Notice Administrator at the address below the name and last known address of each person or organization for whom or which you held any such securities during such time periods; or (b) request additional copies of this Notice from the Notice Administrator at the address below, which will be provided to you free of charge, and, within seven days of your receipt of such copies, mail the Notice directly to the beneficial owners of the securities referred to herein.  You are entitled to reimbursement from TXI or its successor(s) in interest for your reasonable expenses incurred in connection with the foregoing, including reimbursement of postage expenses and the cost of ascertaining the names and addresses of beneficial owners.  These expenses will be paid by TXI or its successor(s) in interest upon request and submission of appropriate supporting documentation to the Company.  All communications concerning the foregoing should be addressed to the Notice Administrator at the following address:

> IN RE TXI SHAREHOLDER LITIGATION
> NOTICE ADMINISTRATOR

## XIII. SCOPE OF THIS NOTICE

This Notice is not all-inclusive.  The references in this Notice to the pleadings in the Action, the Stipulation, and other papers and proceedings are only summaries and do not purport to be comprehensive.  Accordingly, members of the Class are referred to the documents filed with the Court in the Action.  You or your attorney may examine the Court's files during regular

business hours of each business day at the United States District Court for the Northern District of Texas, Dallas Division, 1100 Commerce St., Dallas, TX, 75242.

PLEASE DO NOT CALL OR WRITE THE COURT. Inquiries or comments about the Settlement may be directed to the attention of Counsel as follows:

> FARUQI & FARUQI, LLP
> Juan E. Monteverde
> 369 Lexington Avenue, 10th Floor
> New York, New York 10017

SO ORDERED this _____ day of _____, 2015.

_____
The Honorable Jane J. Boyle
United States District Judge