IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAXINE PHILLIPS, Individually and on Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>v. <br><br>TEXAS INDUSTRIES, INC., THOMAS R. RANSDELL, MEL G. BREKHUS, JOHN D. BAKER II, EUGENIO CLARIOND, SAM COATS, SEAN P. FOLEY, BERNARD LANIGAN, JR., THOMAS L. RYAN, RONALD G. STEINHART, DOROTHY C. WEAVER, MARTIN MARIETTA MATERIALS, INC., and PROJECT HOLDINGS, INC., <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 3:14-cv-00740-B |

**DECLARATION OF JUAN E. MONTEVERDE IN SUPPORT OF PLANTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, AND AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, JUAN E. MONTEVERDE, declare as follows:

1. I am a member of the Bar of the State of New York and a partner of the law firm of Faruqi & Faruqi, LLP, which is Plaintiff's Counsel in the above-captioned action (the "Action"). I am admitted *pro hac vice* in this Action. I submit this declaration in support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and an Award of Attorneys' Fees and Expenses.

1

### A. DESCRIPTION OF THE LITIGATION

2. On January 28, 2014, TXI and Martin Marietta announced that their respective boards of directors had unanimously approved an agreement and plan of merger pursuant to which Martin Marietta would acquire TXI by way of a merger in which holders of TXI common stock would receive 0.700 Martin Marietta shares for each share of TXI common stock.

3. On February 25, 2014, the Action was filed, alleging that the Director Defendants breached their fiduciary duties to TXI's stockholders in connection with the Transaction and that TXI and Martin Marietta aided and abetted those breaches, and seeking, among other things, an order enjoining the Transaction.

4. On March 3, 2014, Martin Marietta filed a Form S-4 registration statement containing a preliminary joint proxy statement/prospectus with the SEC.

5. On March 18, 2014, the Plaintiff filed the Amended Complaint, which added additional claims alleging material omissions in the Preliminary Proxy Statement/Prospectus.

6. On April 19, 2014, the Plaintiff sought expedited discovery from Defendants, and following discussions, the Defendants ultimately agreed to provide certain expedited discovery to the Plaintiff.

7. On May 1, 2014, Martin Marietta filed an amended Form S-4 registration statement containing a preliminary joint proxy statement/prospectus with the SEC containing certain additional disclosures.

8. On May 21, 2014, Martin Marietta filed a second amended Form S-4 registration statement containing a preliminary joint proxy statement/prospectus with the SEC containing, among other things, certain additional disclosures.

9. On May 30, 2014, Martin Marietta and TXI filed a definitive joint proxy statement in connection with the Merger on Form 424B3 and Schedule 14A, respectively, with the Securities and Exchange Commission containing, among other things, certain additional disclosures sought by Plaintiff.

**B.   THE TERMS OF THE SETTLEMENT**

10. Defendants and Plaintiff thereafter engaged in arm's-length discussions and negotiations regarding a potential resolution of the claims asserted in the Action. In connection with such discussions and negotiations, Plaintiff proposed to Defendants various additional disclosures and potential amendments to the Merger Agreement that Plaintiff believed should have been made originally in connection with the proposed transaction. Following arm's-length negotiations, Defendants agreed, in order to settle the Action, to provide the Supplemental Disclosures.

11. On June 10, 2014, the Parties reached an agreement in principle, the substantive terms of which were memorialized in the MOU, providing for settlement of the Action, subject to confirmatory discovery that has now been completed.

12. On June 11, 2014, in accordance with the MOU, Defendants filed with the SEC the Supplemental Disclosures (Attached hereto as Exhibit A). Without in any way admitting or conceding that any additional disclosures are or may have been material or required, Defendants acknowledge that the filing of the Action and negotiations with Plaintiff in connection with a potential settlement of the Action were the sole cause of the Supplemental Disclosures.

13. At a special meeting of the stockholders of TXI and Martin Marietta to vote on the Transaction and approve the Merger Agreement on June 30, 2014 a requisite number of TXI and Martin Marietta stockholders voted to approve the Transaction and the Merger Agreement.

14. Defendants have vigorously denied and continue to deny all allegations of wrongdoing, fault, liability, or damage to Plaintiff, deny that they have engaged in any wrongdoing whatsoever, deny that they have committed any violation of law, deny that they have breached any fiduciary duty, deny that any disclosures in connection with the proposed transaction (including without limitation those in the Form S-4, Form S-4/A, Form 424B3, and Schedule 14A) are or at any time have been in any way deficient, deny that they acted improperly in any way, believe that they acted properly at all times, believe that the Action has no merit, and maintain that they have committed no disclosure violations or any other breach of duty whatsoever in connection with the Transaction or any public disclosures relating thereto, but have determined to enter into a settlement.

15. Plaintiff determined to enter into the MOU because, in her opinion, the Supplemental Disclosures provided additional material information about the sale process, though entry by Plaintiff into the MOU was not an admission by her as to the lack of any merit of any claims asserted in the Action. The Parties also recognized the time and expense that would be incurred by further litigation and the uncertainties inherent in such litigation.

### C. THE CONFIRMATORY DISCOVERY AND EXECUTION OF THE SETTLEMENT

16. Plaintiff conducted confirmatory discovery that included the review of additional paper discovery, including board minutes for TXI, regarding the proposed transaction as well as an in-depth interview of the Chairman of the Board, Defendant Thomas R. Ransdell ("Ransdell"), in the presence of counsel for Defendants.

17. After completing confirmatory discovery, the Parties confirmed their agreement for settlement of the Action on the terms and conditions set forth in the MOU and the Stipulation, including but not limited to, a release of all claims relating to the proposed transaction or which

were or could have been asserted in the Action.

18. Throughout the litigation, Counsel conducted a thorough investigation into the facts and law relating to the Action. After fully analyzing the merits of all parties' contentions, including the impact of the proposed Settlement on Plaintiff and the absent Class members, Plaintiff and Counsel entered into the Stipulation providing for the Settlement described below. Importantly, during the negotiations, all parties had a clear view of the strengths and weaknesses of their respective claims and defenses, and the Settlement is the product of arm's-length negotiations between the parties, who were all represented by counsel with extensive experience and expertise in shareholder litigation.

19. In addition, after agreeing to all of the substantive terms of the Settlement, the Parties began discussing Plaintiff's Counsel's request for fees and expenses. As a result of several arm's-length negotiation sessions, Defendants agreed to pay Plaintiff's Counsel up to $360,000 in the aggregate for all of their fees and expenses, subject to Court approval. Moreover, the award of attorneys' fees and expenses will in no way reduce the benefits received by the Settlement Class (whose members will not contribute to its payment) given that TXI, its successor in interest, and/or its insurers have agreed to bear the full cost of an award of attorneys' fees and expenses up to $360,000.

20. The Settling Parties filed the executed Stipulation with the Court on December 23, 2013. Attached as exhibits to the Stipulation were a copy of a proposed Preliminary Order, a proposed form of Notice, and a proposed Final Judgment.

### D. NOTICE TO THE CLASS

21. The Settling Parties filed the executed Stipulation with the Court on December 23, 2013. Attached as exhibits to the Stipulation were a copy of a proposed Preliminary Order, a proposed form of Notice, and a proposed Final Judgment.

22. The Court entered the Preliminary Order on January 30, 2015, which, *inter alia*, preliminarily certified the Settlement Class, preliminarily approved the Stipulation, set the date for the hearing concerning the Settlement Hearing on June 10, 2015, at 2:00 pm, approved the form and method of the Notice, and directed Defendants to mail the Notice to the Settlement Class.

23. On or about February 27, 2015, pursuant to the Court's Preliminary Order of January 30, 2015, Defendants mailed the Notice to the Settlement Class.

24. The Notice advised Class members of, among other things:

- The definition of the Settlement Class and that the right of the members of the Settlement Class to be excluded from the Settlement, object to the Settlement and/or Plaintiff's Counsels application for attorneys' fees and expenses;

- The background and history of the Actions and Settlement negotiations;

- The nature of the claims asserted;

- The terms of the Settlement as consideration for the release of claims contemplated thereby and the amount of Plaintiff's Counsel's award of attorneys' fees and expenses; and

- The time and place of the Settlement Hearing and the procedures that Settlement Class members must follow if they wish to appear or object, or otherwise be heard at the hearing.

25. To date, not a single objection to the Settlement or Plaintiff's Counsel's award of up to $360,000 in the aggregate for all of their fees and expenses or request for exclusion from the Settlement Class was received from any Settlement Class member, and no Settlement Class member has requested to appear at the Settlement Hearing scheduled for June 10, 2015.

### E. LODESTAR

26.  Plaintiff's Counsel have expended substantial time and resources to diligently prosecute this litigation. Plaintiff's counsel has spent 341.60 hours in attorney and paralegal time for a total lodestar of $180,862.50, and incurred $15,783.17 in expenses prosecution this Action on behalf of TXI shareholders.

27.  Time expended in preparing this application for fees and expenses has not been included.

28.  The chart below summarizes the above facts:

| PROFESSIONAL* | HOURS | RATE | LODESTAR |
|---|---|---|---|
| JAMES BANKO (P) | 110.50 | $775 | $85,637.50 |
| JUAN MONTEVERDE (P) | 25.00 | $750 | $18,750.00 |
| JAMES "JOSH" WILSON (SC) | 2.50 | $750 | $1,875.00 |
| INNESSA MELAMED (A) | 20.50 | $525 | $10,762.50 |
| STEVEN BENTSIANOV (A) | 48.25 | $450 | $21,712.50 |
| MILES SCHREINER (A) | 13.00 | $425 | $5,525.00 |
| DAVID SBORZ (A) | 2.00 | $375 | $750.00 |
| DEREK BEHNKE (PL) | 4.50 | $340 | $1,530.00 |
| ERIC WILLIAMS (PL) | 37.50 | $300 | $11,250.00 |
| ANGELA BILBERRY (PL) | 69.15 | $300 | $20,745.00 |
| INHA KANG (PL) | 0.75 | $300 | $225.00 |
| SIMONE BRAXTON (PL) | 2.20 | $275 | $605.00 |
| MIRIAM SAMPSON (PL) | 5.75 | $260 | $1,495.00 |
| **TOTALS** | 341.60 | | $180,862.50 |

*(P) - Partner;
(SC) - Senior Counsel
(OC) - Of Counsel;
(A) - Associate
(PL) - Paralegal

29.  My firm has also incurred a total of $15,783.17 in unreimbursed expenses in connection with the prosecution of the Action, detailed as follows:

7

**EXPENSE REPORT**

| CATEGORY | AMOUNT |
| --- | --- |
| Commercial Copies | $239.37 |
| Computer & Other Research Fee(s) (Lexis/Westlaw/Bloomberg) | $461.29 |
| Courier & Overnight Delivery Services | $136.00 |
| Court Filing/Service Fee(s) | $796.59 |
| Expert Fees | $11,218.00 |
| Postage | $89.00 |
| Reproduction (Internal) | $112.56 |
| Telephone/Fax | $385.00 |
| Travel Expenses (including hotels, meals & transportation) | $2,345.36 |
| **TOTAL:** | $15,783.17 |

30. The expenses pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers, check records and other documents and are an accurate record of the expenses.

31. A copy of my firm's resume is attached hereto as Exhibit B. The resume describes the background of the attorneys of our firm and our experience in class action litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct. Executed on May 18, 2015.

JUAN E. MONTEVERDE